Honorable Ted Mullenix State Representative #20 Rolling Acres Road Pearcy, AR 71964
Dear Representative Mullenix:
You have requested an opinion on behalf of the City of Hot Springs and the Hot Springs Sentinel-Record regarding the Arkansas Freedom of Information Act, the same being Ark. Stat. Ann. 12-2801 et seq. Specifically, you wish to know the answers to the following questions:
 1. Are hospitality taxes and privilege taxes, or any other tax collected by the City of Hot Springs, Arkansas, which are based on gross receipts or gross sales which are exempt if filed with the State of Arkansas subject to disclosure under the FOI?
 2. If, in your opinion, these records should be disclosed, is any portion of the Arkansas Freedom of Information Act, together with subsequent amendments thereto, unconstitutional because it creates two classes of taxpayers?
In answer to your first question, only State tax records in the possession of, or under the supervision of the Arkansas Commissioner of Revenue are considered to be privileged. Additionally, the Freedom of Information Act specifically exempts from disclosure State income tax records.
The Tax Procedures Act, the same being Ark. Stat. Ann. 84-4706 (Cum. Supp. 1985), reads in pertinent part:
 (a) The Commissioner is the official custodian of all records and files required by any State tax law to be filed with the Commissioner and is required to take all steps necessary to maintain their confidentiality. . . .
 (c) The provisions of this section shall be strictly interpreted and shall not permit any other disclosure of tax information concerning a taxpayer (whether the taxpayer is an individual, a corporation, a partnership, or a fiduciary) that is contained in the records and files of the Commissioner relating to income tax or any other State tax administered under this Act.
The above referenced statute is clear in that it affords confidentiality only to those records required by law to be filed with the Arkansas Department of Revenue. Since the tax at issue here is not mandated nor administered by the State, reports submitted by collectors must be made available for public inspection.
Attached to your request is a letter from Hot Springs City Attorney David M. Love in which he argues that the tax information at issue here is also protected from disclosure by the competitive advantage exemption of the Freedom of Information Act. This office recently issued Opinion No. 87-194, a copy of which is attached, regarding the competitive advantage exemption. It is the conclusion of the Opinion that the exemption is not a broad one, but rather one which must be determined on a case by case basis after consultation with the parties involved. The opinion also concludes that a burden of proof attaches when attempting to qualify for the competitive advantage exemption. To meet this burden, a business would be required to show that disclosure of the proprietary information would result in substantial harm to the competitor's market position.
I am unable to respond to your second question. The constitutionality of the Freedom of Information Act is currently a matter of pending litigation. It is the longstanding policy of this office not to respond to questions pertaining to issues currently being litigated.
In sum, records pertaining to taxes levied and administered by the City of Hot Springs are not exempt from the examination and copying provisions of the Freedom of Information Act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.